J-A09016-24 & J-A09017-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| PINE RUN MIDSTEAM, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BUFFALO VALLEY, LTD., ARMSTRONG | : | |
| CEMENT & SUPPLY CORP., AND | : | |
| WINFIELD RESOURCES, LLC | : | |
| | : | |
| Appellants | : | No. 915 WDA 2023 |

Appeal from the Judgment Entered March 7, 2024
In the Court of Common Pleas of Butler County Civil Division at No(s):
2019-11122

| | | |
|---|---|---|
| BUFFALO VALLEY, LTD. AND | : | IN THE SUPERIOR COURT OF |
| ARMSTRONG CEMENT & SUPPLY | : | PENNSYLVANIA |
| CORP. | : | |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PINE RUN MIDSTREAM, LLC | : | No. 916 WDA 2023 |

Appeal from the Judgment Entered March 7, 2024
In the Court of Common Pleas of Butler County Civil Division at No(s):
2019-11150

BEFORE:  DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY KUNSELMAN, J.:                **FILED: June 18, 2024**

In these separately filed/docketed but related lawsuits for declaratory

judgments,[1] Buffalo Valley, Ltd. and Armstrong Cement & Supply Co. appeal

---

[1] Because these two appeals involve the same parties and issue, we dispose
of them in one Memorandum, even though the appeals are not consolidated.

from the judgments entered in favor of Pine Run Midstream, LLC,[2] after the trial court denied the Appellants' "Motions for Extension of Time to File Post-Trial Motion *Nunc Pro Tunc*." We affirm.

After four days of trial, on April 19, 2023, the trial court issued a pair of nearly identical opinions and non-jury decisions, granting declaratory relief to Pine Run Midstream, LLC in both actions. The court determined that Pine Run had not violated the terms of its natural-gas-pipeline easements through the properties of Buffalo Valley, Ltd. and Armstrong Cement & Supply Co. ("Appellants").

Appellants, who were awaiting the non-jury decision, checked the Butler County court's website but did not read it correctly. They incorrectly assumed that the Prothonotary had entered final judgments against them. Thus, instead of seeking post-trial relief from the trial court under Rule of Civil Procedure 227.1 within ten days, on May 12, 2023, they appealed to this Court. Pine Run moved to quash those appeals, because no judgment was entered below. Appellants then praeciped to discontinue their appeals.

_____

[2] Appellants' notice of appeal was premature, because they appealed from trial court orders denying their request for nunc pro tunc relief. However, final judgments had not been entered in the trial court at that time.

In general, "the entry of judgment is a prerequisite to [this Court's] exercise of jurisdiction." **Mackall v. Fleegle**, 801 A.2d 577, 580 (Pa. Super. 2002) (citations omitted). Nevertheless, Pine Run Midstream filed a praecipe to enter judgments in its favor on March 7, 2024. Thus, we will proceed to entertain this appeal, as if Appellants had properly appealed from that entry of judgment.

Next, on May 30, 2023, Appellants requested permission from the trial court to file post-trial motions, *nunc pro tunc*. The trial court issued orders at both dockets denying that request. Appellants appealed from those orders.

They raise the same issue in both appeals:

> Whether the trial court erred by failing to permit the filing of post-trial motions nunc pro tunc where the Prothonotary appeared to have entered judgment on the online docket simultaneously with the entry of the final opinion and order, thereby divesting the trial court of jurisdiction before Appellants had the opportunity to file post-trial motions.

Appellants' Briefs at 4.

The crux of Appellants' argument is that the Prothonotary entered final judgments, rather than simply docketing the April 19th non-jury decisions. *See id.* at 18-25. The trial court found that the record and the docket entries did not support Appellant's factual claim that the Prothonotary prematurely entered final judgments. In fact, the trial court found that final judgments still had **not** been entered in these cases, at the time of Appellants' motion for *nunc pro tunc* relief. Our review of the record supports that finding.

Indeed, the trial court has fully disposed of Appellants' claim of error in its well-reasoned and detailed Rule 1925(a) Opinion. **See** Trial Court Opinion, 9/29/23 (filed at Civil Division No. 2019-11122). The learned President Judge S. Michael Yeager of the Court of Common Pleas of Butler County expounded upon this Court's precedents concerning appeals taken prior to seeking post-trial relief.

The trial court thoroughly analyzed the extraordinary-circumstances standard that Appellants needed to satisfy to file post-trial motions, *nunc pro tunc*. The court explained why Appellants did not meet that standard. In particular, the trial court observed that the only judgment the Prothonotary entered pertained to Winfield Resources, LLC, not the Appellants; thus, Appellants reliance upon the online docket entry was misplaced. We adopt the opinion of the trial court as our own.

The parties are directed to attach a copy of President Judge Yeager's 1925(a) Opinion in all future proceedings concerning these lawsuits. Based upon the foregoing and the reasoning in trial court's opinion, we affirm the orders denying Appellants' "Motions for Extension of Time to File Post-Trial Motion *Nunc Pro Tunc*."

Orders affirmed.

Judgments affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

6/18/2024